# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:23-cv-00013 |
| CRAIG FICKLING,[1] et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, an inmate at the Cumberland County Sheriff's Department ("Cumberland County Jail"), has filed seven pro se civil rights cases under 42 U.S.C. § 1983 in this Court since March 2023. These cases overlap in substance, but to keep things clear, the Court will address each case by separate Order.[2] In this case, Plaintiff has filed a motion incorporating an Amended Complaint (Doc. Nos. 4, 4-1), three motions regarding the Defendants to this case (Doc. Nos. 11, 14, 18), an application to proceed as a pauper (Doc. No. 7), and several miscellaneous motions. (Doc. Nos. 3, 5–6, 8, 10, 16–17). The Amended Complaint is before the Court for initial review. And as explained below, Plaintiff fails to state a claim at this time, but he may file another Amended Complaint regarding <u>one area of his allegations</u>: the alleged lack of adequate food and medical treatment at the Cumberland County Jail. Any Amended Complaint that Plaintiff files in this case <u>must</u> comply with the instructions at the end of this Order and <u>must</u> be limited to discussing the food and medical care at that Cumberland County Jail.

---

[1] Plaintiff clarified the spelling of this Defendant's name in the Amended Complaint. (<u>See</u> Doc. No. 4-1 at 1). The Clerk is **DIRECTED** to correct this Defendant's last name to "Fickling" on the docket.

[2] Plaintiff has also filed a habeas corpus petition, docketed under Case No. 2:23-cv-00020. That case is subject to a different legal framework than the seven cases Plaintiff recently brought under Section 1983. Plaintiff's habeas corpus case will be addressed by separate Order as well.

I.  **Application to Proceed as a Pauper**

An inmate may bring a civil suit in federal court without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears that Plaintiff cannot pay the full filing fee, his application to proceed as a pauper (Doc. No. 7) is **GRANTED**, and he is **ASSESSED** the $350.00 filing fee as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. Id. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Cumberland County Sheriff's Department to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

II. **Motion Incorporating Amended Complaint**

Plaintiff filed a motion requesting to do two things: (1) amend the complaint in this case and (2) dismiss the case he filed docketed under Case No. 2:23-cv-00014. (Doc. No. 4). At this

stage, however, Plaintiff does not need the opposing parties' consent or the Court's permission to do either of those things. See Fed. R. Civ. P. 15(a)(1)(B) (allowing one automatic amendment to a complaint less than 21 days after service of a responsive pleading); Fed. R. Civ. P. 41(a)(1)(A)(i) (allowing automatic voluntary dismissal if filed "before the opposing party serves either an answer or a motion for summary judgment"). Accordingly, this Motion (Doc. No. 4) is **GRANTED**. The Clerk is **DIRECTED** to docket the attached filing (Doc. No. 4-2) as an Amended Complaint. The Clerk will be directed to close Case No. 2:23-cv-00014 by separate Order entered in that case.

### III.     Motions Regarding Defendants

Plaintiff filed a motion requesting to remove Craig Fickling and the 13th District Public Defender's Office as Defendants (Doc. No. 11), followed by a Motion requesting to keep Fickling as a Defendant. (Doc. No. 14). These Motions (Doc. Nos. 11, 14) are **GRANTED**, such that the Court will consider Fickling, but not the Public Defender's Office, as a Defendant. Plaintiff also filed a motion identifying the Defendant named as "Strawberry Brunette ADA" in the Amended Complaint as ADA Rachael Bateman. (Doc. No. 18). This Motion (Doc. No. 18) is **GRANTED**, and the Court will consider ADA Bateman as a Defendant in place of "Strawberry Brunette ADA."

### IV.     Initial Review

The Court must dismiss the Amended Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e. And the Court must hold this pleading "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

#### A.     Summary of the Amended Complaint

The Amended Complaint references several state court proceedings in Cumberland County involving Plaintiff and his ex-wife, Lewana Castillo Webb, including a criminal case, a divorce

case, and an order-of-protection case.[3] The Amended Complaint names twelve Defendants involved in those proceedings: Gary McKenzie, the trial court judge in Plaintiff's criminal case; Jessica Burgess, the Circuit Court Clerk for Cumberland County, Tennessee; the "13th District DA's Office"; Bryant Dunaway, the District Attorney General (DA) for the 13th Judicial District, which includes Cumberland County; Phillip Hatch, an Assistant District Attorney (ADA) in Plaintiff's criminal case; Jolie Uzelac, another ADA in the criminal case; Craig Fickling, Plaintiff's attorney in the criminal case; Casey Cox, the Sheriff of Cumberland County; Cumberland County; William Ridley, the judge for Plaintiff's divorce case and part of the order-of-protection case; ADA Rachael Bateman, an ADA involved in the order-of-protection case; and Kevin Bryant, Lewana's attorney. The Court will take judicial notice of the publicly available information necessary to put the allegations against these Defendants in context.

Plaintiff faced two counts of domestic assault in Cumberland County Circuit Court.[4] One charge resulted in a nolle prosequi dismissal,[5] and the other charge led to Plaintiff being convicted and sentenced. Fickling, Plaintiff's attorney in the criminal case, filed a notice of appeal on March 30, 2023, and that appeal is pending in the Tennessee Court of Criminal Appeals.[6]

Plaintiff alleges that Judge McKenzie violated his rights in numerous ways throughout these criminal proceedings, including by denying Plaintiff bond, ignoring Plaintiff's pro se

---

[3] The Court will refer to Lewana Webb by her first name to avoid confusion.

[4] The charges were brought in case numbers CC1-2022-CR-130 and CC1-2022-CR-131, respectively. See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=06B0609D-033A-4A80-B73D-ECABE7C4E9FC; https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[5] See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[6] The case number for this appeal is E2023-00464-CCA-R3-CD. See https://pch.tncourts.gov/CaseDetails.aspx?id=86649&Number=True (last visited May 22, 2023).

motions, wrongfully selecting a juror, permitting improper testimony, ignoring missing evidence, and imposing the maximum sentence. (Doc. No. 4-1 at 2–4). Plaintiff also alleges that DA Dunaway hid and tampered with evidence, while ADA Hatch provided incomplete discovery and offered "two bogus plea deals," and ADAs Hatch and Uzelac helped deny Plaintiff bond. (Id. at 4–5). And Plaintiff alleges that Fickling (his own attorney) allowed "evidence to be hidden," ignored an exculpatory audio recording provided by Plaintiff, allowed the "trial to be staged against" Plaintiff, purposely lost at trial, and lost Plaintiff the opportunity to be awarded credit on his sentence by "agreeing with Judge McKenzie that awaiting sentencing would be in [Plaintiff's] best interest." (Id. at 5–8).

As for the divorce case and order-of-protection case, Lewana was the state-court plaintiff and Gregory Ryan Webb (the plaintiff in this federal civil case) was the defendant. In the divorce case, the most recent development is that the Tennessee Supreme Court denied Plaintiff's pro se request for discretionary review on May 10, 2023.[7] In the order-of-protection case, the most recent development is that Plaintiff filed a pro se appeal to the Tennessee Court of Appeals on March 14, 2023. That appeal is pending.[8]

Plaintiff alleges that Judge Ridley, who presided over the divorce case and the conclusion of the order-of-protection case, allowed false testimony from Lewana, "allowed the wrong photo of evidence to be used against" Plaintiff, and denied Plaintiff a fair trial. (Doc. No. 4-1 at 9–10).

---

[7] See https://pch.tncourts.gov/CaseDetails.aspx?id=86673&Number=True (last visited May 22, 2023). The Probate and Family Court case number is 2021-PF-8346, the Court of Appeals case number is E2022-01470-COA-R3-CV, and the Supreme Court case number is E2022-01470-SC-R11-CV. The pro se filings that Plaintiff sent to the Court of Appeals and are available for viewing reflect that this was a divorce case. See https://pch.tncourts.gov/CaseDetails.aspx?id=85656&Number=True (last visited May 22, 2023).

[8] The Circuit Court case number is CC1-2022-CV-6875, and the Court of Appeals case number is E2023-00378-COA-R3-CV. See https://pch.tncourts.gov/CaseDetails.aspx?id=86542&Number=True (last visited May 22, 2023). The pro se filings that Plaintiff sent to the Court of Appeals and are available for viewing reflect that Lewana used this case to obtain an order of protection against Plaintiff. See id.

5

Plaintiff alleges that ADA Bateman and Bryant, Lewana's attorney, also allowed false testimony from Lewana during the order-of-protection proceedings. (Id. at 9). And he alleges that in both the criminal and civil proceedings, Circuit Court Clerk Burgess did not "properly present certain evidence [Plaintiff] submitted pro se." (Id. at 12).

Plaintiff has been in the Cumberland County Jail as a result of the criminal proceedings. Plaintiff alleges that Sheriff Cox, the overseer of the Jail, did not act when Plaintiff emailed him evidence or requested that Cox fill out a police report regarding the events giving rise to Plaintiff's incarceration. (Id. at 11). Plaintiff also alleges that Cox is responsible for inadequate food portions at the Jail that have resulted in Plaintiff losing weight, and the denial of treatment at the Jail for a painful dental issue. (Id. at 11, 14).

**B.     Legal Standard**

To determine if the Amended Complaint states a claim for the purpose of initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations [] as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

**C.     Analysis**

Plaintiff brings this case under 42 U.S.C. § 1983, which allows an individual to bring a civil claim against a state actor for violating federal law. See Smith v. City of Salem, Ohio, 378 F.3d 566, 576 (6th Cir. 2004). He is suing three broad groups of Defendants: those involved with

his criminal case ("Criminal Case Defendants"), those involved with his civil cases ("Civil Case Defendants"), and those responsible for his conditions of confinement ("Jail Defendants").

### 1. Criminal Case Defendants

The Criminal Case Defendants include Judge McKenzie, Clerk Burgess,[9] the "13th District DA's Office," DA Dunaway, ADAs Hatch and Uzelac, Sheriff Cox,[10] and Attorney Fickling.

Plaintiff alleges that these Defendants conspired to deprive him of fair criminal proceedings. However, there is a doctrine in federal court, as stated by the United States Supreme Court in Heck v. Humphrey, providing that a plaintiff cannot pursue civil claims that, if successful, would "necessarily imply the invalidity" of a criminal conviction or sentence, "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 587 (1994). This doctrine applies regardless of the relief the plaintiff is seeking, be it monetary damages or equitable relief. Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). There are four ways to invalidate a conviction under Heck: "(1) reversal on direct appeal; (2) executive expungement; (3) declared invalid by a state tribunal; or (4) called into question by a writ of habeas corpus." Carr v. Louisville-Jefferson Cnty., 37 F.4th 389, 392 (6th Cir. 2022) (citing Heck, 512 U.S. 486–87).

Here, Plaintiff is attempting to use this case to bring civil claims against the Criminal Case Defendants that, if successful, would necessarily invalidate his domestic assault conviction. And his conviction has not been set aside within the meaning of Heck, as public records reflect that Plaintiff's direct appeal in his criminal case is currently pending. Unless and until Plaintiff can

---

[9] Burgess, as the Circuit Court Clerk, could have been involved in both criminal and civil matters. This portion of the analysis applies to any claims based on actions Burgess allegedly took in the criminal case, while any claims based on actions she allegedly took in the civil cases are addressed below.

[10] Cox, as the County Sheriff, is sued both because he allegedly denied Plaintiff a fair criminal trial by failing to respond to Plaintiff's requests and because he is allegedly responsible for the conditions of confinement at the Jail. This portion of the analysis applies to any claims based on actions Cox allegedly took in the criminal case, while claims based on Plaintiff's conditions of confinement are addressed below.

7

demonstrate that his conviction has been invalidated through state remedies or a federal writ of habeas corpus, he cannot pursue these civil claims against the Criminal Case Defendants in federal court. Accordingly, the claims against the Criminal Case Defendants will be dismissed without prejudice for failure to state a claim. See Sampson v. Garrett, 917 F.3d 880, 882 (6th Cir. 2019) (reflecting that Heck dismissals are without prejudice); Avery v. Byrd, No. 3:20-cv-00872, 2020 WL 6712166, at *1 n.1 (M.D. Tenn. Nov. 16, 2020) ("[T]he Sixth Circuit has stated that a Section 1983 action that is noncognizable under Heck 'would necessarily [be] dismissed for failure to state a claim.'" (quoting Harrison v. Michigan, 722 F.3d 768, 773 (6th Cir. 2013))).

For two Criminal Case Defendants, moreover, there is an additional reason that Plaintiff fails to state a claim under Section 1983. Plaintiff names the "13th District DA's Office" as a Defendant, but "a district attorney's office" is not an entity that is subject to suit under Section 1983. See Newell v. Montgomery Cnty. Pub. Def.'s Off., No. 3:09-cv-00440, 2009 WL 1392838, at *2 (M.D. Tenn. May 18, 2009) (citing Reitz v. County of Bucks, 125 F.3d 139 (3rd Cir. 1997)). And to the extent that the allegations against Attorney Fickling are not bare assertions unsupported by facts, they amount to allegations of ineffective assistance of counsel. A plaintiff "cannot state a claim for ineffective assistance [of counsel] in [a Section] 1983 suit. Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." Floyd v. Cnty. of Kent, 454 F. App'x 493, 497 (6th Cir. 2012) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). Rather than filing a Section 1983 case, the appropriate way to bring "an ineffective assistance of counsel challenge is via habeas [corpus] proceedings." Kelly v. Beggs, No. 15-cv-10721, 2017 WL 5759974, at *2 (E.D. Mich. Apr. 13, 2017) (citing Taylor v. Oakland Cnty. Cir. Ct., 831 F.2d 297, 1987 WL 44958 (6th Cir. Oct. 5, 1987)).

### 2. Civil Case Defendants

The Civil Case Defendants include Judge Ridley, Circuit Court Clerk Burgess, ADA Bateman, and Attorney Bryant. The Court will address each Defendant in turn.

Judge Ridley presided over the divorce case and the conclusion of the order-of-protection case in state court. In the divorce case, the Tennessee Supreme Court recently denied Plaintiff's pro se request for discretionary review. This Court does not have jurisdiction to consider claims against Judge Ridley based on alleged errors he made when presiding over the divorce case. See Hall v. Callahan, 727 F.3d 450, 454 (6th Cir. 2013) (affirming dismissal of claim that state court judge injured a plaintiff through "actions during the state court proceeding" (discussing McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)). That is because such claims ask this Court to review the rulings of a state court judge in a manner similar to an appeals court, but "[f]ederal district courts do not stand as appellate courts for decisions of state courts." Id. (citing Rooker v. Fidelity Trust Co., 263 U.S. 413; Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). The order-of-protection case is still ongoing, as Plaintiff has an open appeal in the Tennessee Court of Appeals. This Court must abstain from granting Plaintiff any injunctive relief against Judge Ridley in the context of the order-of-protection case. See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 79 (2013) (explaining that federal courts should abstain from intervening in "civil enforcement proceedings" that were "initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act" (citation omitted)); Hawkins v. Carter, No. 1:18-cv-00503, 2019 WL 912180, at *3 (D. Me. Feb. 24, 2019), report and recommendation adopted, 2019 WL 1292291 (D. Me. Mar. 20, 2019) (concluding that abstention was appropriate where federal plaintiff was "the subject of a protection from harassment complaint" in state court because "an action for protection from harassment seeks to sanction a

defendant for a 'wrongful act'"). And Judge Ridley is entitled to "absolute judicial immunity" from Plaintiff's request for money damages, as the allegations against him describe judicial acts that were not taken in the complete absence of jurisdiction. See Norfleet v. Renner, 924 F.3d 317, 319 (6th Cir. 2019) (describing the broad doctrine of absolute judicial immunity). Accordingly, Plaintiff fails to state a viable claim against Judge Ridley.

On to Circuit Clerk Burgess and ADA Bateman. Even if Plaintiff's claims against these Defendants are not barred by Heck because they relate to actions taken in a civil (rather than criminal) matter, these Defendants are nonetheless entitled to immunity. Setting aside pure legal conclusions, the only allegation against Burgess is that she allegedly "did not file or properly present certain evidence [Plaintiff] submitted pro se" (Doc. No. 4-1 at 12); and the only allegation against ADA Bateman is that she allegedly allowed Lewana to commit perjury and "the wrong photo of evidence to be used against" Plaintiff. (Id. at 9–10). Burgess is entitled to "quasi-judicial immunity" because the processing or non-processing of a litigant's documents is a "quintessential quasi-judicial function[]." See Jonaitis v. Morrison, No. 1:07-cv-1002, 2008 WL 151252, at *3 (W.D. Mich. Jan. 14, 2008); Harris v. Suter, 3 F. App'x 365, 366 (6th Cir. 2001) ("When a clerk files or refuses to file a document with the court, [she] is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction." (citation omitted)). And ADA Bateman is entitled to "prosecutorial immunity" because, even if she solicited Lewana's testimony and presented allegedly improper evidence, those functions are within the scope of her duties as a prosecutor. See Watkins v. Healy, 986 F.3d 648, 661 (6th Cir. 2021) (providing examples of actions to which prosecutorial immunity applies, including knowingly using false testimony); Weilburg v. Rodgers, No. 5:22-cv-435, 2022 WL 2751619, at *3 (N.D.N.Y. July 14, 2022) ("Courts have found that seeking an order of protection falls within the traditional prosecutorial

functions for which a prosecutor is entitled to absolute immunity." (citation omitted)). So Plaintiff fails to state a viable claim against Circuit Clerk Burgess and ADA Bateman as well.

Kevin Bryant was Lewana's attorney in the divorce case and order-of-protection case. "Section 1983, by its own terms, applies only to those who act 'under color' of state law. Therefore, as a general rule, [Section] 1983 does not reach the conduct of private parties acting in their individual capacities." Weser v. Goodson, 965 F.3d 507, 515 (6th Cir. 2020) (citing Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007)). Private attorneys representing private parties in a domestic relations case, like Bryant, "are not state actors subject to suit under [Section] 1983." Davis v. Carter, No. 20-3186, 2020 WL 8575594, at *2 (6th Cir. Sept. 22, 2020) (citing Flagg Bros. v. Brooks, 436 U.S. 149, 155–56 (1978)). A private party may be considered a state actor if he "engaged in a conspiracy or concerted action with other state actors" by "willfully participat[ing] in joint action with state agents." Weser, 965 F.3d at 516. But Plaintiff's allegations regarding Bryant's participation in a conspiracy are not supported by sufficient facts to be entitled to a presumption of truth. See Moldowan v. City of Warren, 578 F.3d 351, 395 (6th Cir. 2009) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987))). Accordingly, Plaintiff fails to state a Section 1983 claim against Attorney Bryant.

### 3. Jail Defendants

The Jail Defendants include Sheriff Casey Cox and Cumberland County. Plaintiff alleges these Defendants provided inadequate food and medical care for a painful dental issue at the Cumberland County Jail. The Eighth Amendment requires jail officials to ensure that prisoners receive adequate food and medical treatment. See Farmer v. Brennan, 511 U.S. 825, 832–33 (1994)

(collecting cases). Although Plaintiff does not provide sufficient allegations to pursue these claims at this time, as explained below, Plaintiff may file an Amended Complaint on these issues.

As for Sheriff Cox, Plaintiff does not allege any personal involvement in the allegedly inadequate food and medical treatment. See Murphy v. Grenier, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir. 1991)). And "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another. Consequently, a mere failure to act will not suffice to establish supervisory liability." Peatross v. City of Memphis, 818 F.3d 233, 241 (6th Cir. 2016) (citations omitted). Without an allegation of direct participation, Plaintiff fails to state a claim against Cox.

As for Cumberland County, a municipal entity may be liable for a constitutional violation if a plaintiff can allege that the entity had a policy or custom that directly caused the violation. See Hardrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978)). But here, Plaintiff has not alleged that he received inadequate food or medical care at the Jail due to a policy or custom of Cumberland County. So Plaintiff fails to state a claim against Cumberland County as well.

Rather than dismiss these claims at this time, however, the Court will exercise its discretion to give Plaintiff a chance to file another Amended Complaint. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). For this purpose, the Clerk is **DIRECTED** to send Plaintiff a blank form Section 1983 complaint for prisoners. <u>Any Amended Complaint must be limited to discussing the allegedly inadequate food and medical treatment Plaintiff has experienced at the Cumberland County Jail</u>.

### 4. Unavailable Relief

The Court notes that, regardless of the problems addressed above, much of Plaintiff's requested relief is unavailable to him in this case. Although Plaintiff could pursue his request for monetary damages absent some other barrier, he also requests that Defendants face "federal charges," that Defendants be removed from office or subject to disciplinary action, the reversal of his divorce, and full custody of his son. (Doc. No. 4-1 at 14). But "[p]rivate citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another." Martin v. Koljonen, 89 F. App'x 567, 568 (6th Cir. 2004) (collecting cases). Likewise, a Section 1983 suit does not provide a vehicle for the Court to "terminate the employment of, or otherwise discipline" Defendants. See Street v. Rodriguez, No. 12-13995, 2014 WL 840083, at *5 (E.D. Mich. Mar. 4, 2014) (collecting cases). And this Court does not have jurisdiction to reverse a divorce or modify a child-custody decree; those are functions of domestic relations law reserved exclusively for state courts. See Chevalier v. Est. of Barnhart, 803 F.3d 789, 797 (6th Cir. 2015) (explaining that state court have exclusive jurisdiction where a plaintiff "seek[s] an issuance or modification or enforcement of a divorce, alimony, or child-custody decree" (citations omitted)).

## V. Conclusion and Instructions to Plaintiff

For these reasons, the Amended Complaint fails to state a claim under Section 1983 at this time. However, Plaintiff will have an opportunity to file another Amended Complaint regarding a <u>single area of his allegations</u>: the alleged lack of adequate food and medical treatment Plaintiff has experienced at the Cumberland County Jail.

For this case to proceed, Plaintiff **MUST** file an Amended Complaint with factual allegations that plausibly suggest an entitlement to relief based on the alleged lack of adequate food and medical treatment he has experienced at the Jail. To sue Cumberland County or a specific

staff member at the Cumberland County Jail, Plaintiff must clearly list the County and/or that staff member as a Defendant on the Amended Complaint form. Plaintiff should provide as much information as possible about how each specific Defendant acted (or failed to act) in a way that violated Plaintiff's rights to adequate food and medical treatment. Plaintiff should focus on alleging actual facts instead of legal phrases or conclusions.

Plaintiff is **WARNED** that the Court will only consider allegations that are related to food or medical treatment at the Cumberland County Jail. Plaintiff also cannot incorporate other filings into the Amended Complaint by reference; instead, the Amended Complaint must include all of the information that Plaintiff wants the Court to consider in one place.

Plaintiff **MUST** file the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **No. 2:23-cv-00013**. Plaintiff may request more time to comply before the deadline expires, if necessary.

When the Court receives the Amended Complaint, it will conduct a fresh screening to determine if Plaintiff states a claim for relief regarding the food and medical treatment at the Jail. If Plaintiff does not file an Amended Complaint, however, the Court will dismiss this case for failure to state a claim. Additionally, failure to immediately notify the Court of any change in address may result in dismissal of the case without further Order. M.D. Tenn. L.R. 41.01(b).

Plaintiff's remaining miscellaneous motions (Doc. Nos. 3, 5–6, 8, 10, 16–17) are **DENIED AS MOOT**, without prejudice to refiling if relevant to the forthcoming Amended Complaint.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE